UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

HONGAN LAI,

                Plaintiff,

      -against-

DEPT. OF JUSTICE; ATF AGENTS
ERIC AND CHRIS BAKER; SAM (Informant),

                Defendants.
-------------------------------------------------------------x

**TRANSFER ORDER**
13-CV-715 (RRM)
13-CV-716 (RRM)
13-CV-717 (RRM)
13-CV-890 (RRM)

HONGAN LAI,

                Plaintiff,

      -against-

U.S. MARSHAL; and THOMAS FISHER,

                Defendants.
-------------------------------------------------------------x

HONGAN LAI,

                Plaintiff,

      -against-

BEN L. CLINE,

                Defendant.
-------------------------------------------------------------x

1

```
-------------------------------------------------------------x
```

HONGAN LAI,

       Plaintiff,

   -against-

DEPT. OF JUSTICE; ATF AND Undercover
ATF Agents ERIC and CHRIS BAKER;
and Informant SAM,

       Defendants.
```
-------------------------------------------------------------x
```
MAUSKOPF, United States District Judge.

On February 6, 2013, *pro se* plaintiff Hongan Lai filed three actions pursuant to 28 U.S.C. § 1332, docketed under case numbers 11-CV-715, 11-CV-716 and 11-CV-717.  On February 13, 2013, plaintiff filed a fourth action, docketed under case number 11-CV-890.  The Court consolidates these matters and transfers them to the United States District Court for the Western District of Virginia for the following reasons.

The relevant venue provision is found at 28 U.S.C. § 1391(b), which provides that an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff's claims relate to events that are alleged to have occurred in Virginia.  The individual defendants reside in Washington, D.C., Philadelphia, Pennsylvania, Harrisonburg,

2

Virginia and Woodstock, Virginia.  None of the defendants reside in the Eastern District of New York. Therefore, the United States District Court for the Eastern District of New York is not the appropriate court in which to file this action.  If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer these cases to the United States District Court for the Western District of Virginia.  28 U.S.C. § 127(b); 1406(a).

The Court offers no opinion on the merits of the actions.  The decisions on plaintiff's applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are reserved for the transferee Court.  That provision of Local Rule 83.1 which requires a seven day stay is hereby waived.  Summonses shall not issue from this Court.

The Clerk of Court is directed to transfer these actions, mail a copy of this Order to plaintiff, and mark these cases closed.

SO ORDERED.

Dated: Brooklyn, New York
       March 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge